IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,

　　Plaintiff,

vs.                                                                        Cr. No. 01-10023-T

JONATHAN JOHNSON,

　　Defendant.

## ORDER DENYING MOTION TO ASCERTAIN

Defendant, Jonathan Johnson, an inmate at the Riverbend Maximum Security Institution, in Nashville, Tennessee, has filed a "motion to ascertain" in this closed criminal case.

At or around noon on May 1, 2001, Johnson and Richard Cole entered the United States Post Office in Bells, Tennessee. Johnson, who was armed with an unloaded .38 caliber pistol tucked into the front waistband of his pants, and Cole forced the United States Postmaster out of the building and into her vehicle. Cole and Johnson fled the scene, holding the Postmaster captive for four hours. Johnson and Cole took turns sexually assaulting the Postmaster during her captivity. Prior to releasing the Postmaster, Johnson found an insurance card in the glove box of her car and told her that he had her address and would "send someone to kill her" if she told anyone about the incident. Johnson also advised the Postmaster that he ought to kill her because she had seen his face. See United States v. Johnson, 359 F.3d 420, 424 (6th Cir. 2004).

On December 31, 2001, Johnson pled guilty to kidnapping, assault, and the use of a firearm during a crime of violence, violations of 18 U.S.C. § 1202(a)(5), 18 U.S.C. § 111, and 18 U.S.C. § 924(c), respectively. A sentencing hearing was held on June 17, 2002, and on June 18, 2002, the Court entered its judgment sentencing Johnson to a term of 405

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on 10/28/05

months imprisonment on the kidnapping count and 120 months imprisonment on the assault count, to run concurrently with each other. Johnson was also sentenced to 84 months imprisonment on the firearms count, to be served consecutively to the previous sentences, for a total sentence of 489 months.

Johnson alleges that on June 26, 2002, he pled guilty to two counts of especially aggravated rape and especially aggravated kidnapping in Crockett County Circuit Court. He further alleges that he was sentenced to three sentences of twenty-five years imprisonment, to be served concurrently with each other and with his federal sentences. Johnson alleges that his "plea agreement wasn't honored" and that he is currently in state custody serving his state sentences.[1]

The federal government and a state are free to make any agreement between themselves concerning which of their sentences will be served first, as long as the prisoner is not compelled unnecessarily to serve his sentences in a piecemeal fashion. "Normally, the sovereign which first arrests an individual acquires priority of jurisdiction for purposes of trial, sentencing, and incarceration. However, the sovereign with priority of jurisdiction . . . may elect under the doctrine of comity to relinquish it to another sovereign." United States v. Warren, 610 F.2d 680, 684-5 (9th Cir. 1980). Thus, this Court may not enter any order violating fundamental principles of comity and separation of powers.

Johnson remains in state custody, and the United States has not demonstrated any intention to assert primary jurisdiction over the defendant. Here, state authorities have not relinquished custody over Johnson because he has not satisfied his entire state obligation and has not been released from his state sentences imposed in 2002.

"A person who has violated the criminal statutes of both the Federal and State Governments may not complain of the order in which he is tried or punished for such

---

[1] The Court infers that Johnson's plea agreement was part of the state court proceedings.

2

offenses." <u>United States v. Dovalina</u>, 711 F.2d 737, 739 (5th Cir. 1983)(internal quote omitted); <u>see also Jeter v. Keohane</u>, 739 F.2d 257, 258 (7th Cir. 1984)(per curiam); <u>Gunton v. Squier</u>, 185 F.2d 470, 471 (9th Cir. 1950). See <u>Ponzi v. Fessenden</u>, 258 U.S. 254 (1922). Furthermore, an inmate does not have a protected right to be housed in a particular institution. <u>Olim v. Wakinekona</u>, 461 U.S. 238 (1983); <u>Meachum v. Fano</u>, 427 U.S. 215 (1976); <u>Montanye v. Haymes</u>, 427 U.S. 236 (1976). Thus, no constitutional or statutory authority exists for this Court to direct the Bureau of Prisons to take custody of a state prisoner, or to require the state to relinquish their custody of a lawfully imprisoned inmate.

The commencement and calculation of the term of imprisonment of a federal prisoner, including any award of credits, is governed by 18 U.S.C. § 3585, entitled "Calculation of a term of imprisonment," which states as follows:

> (a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.

Johnson alleges that the state court judge entered an order that his 2002 state sentences are to be served concurrently with his federal sentence; however, such an order could not force the United States Marshal or the BOP to accept petitioner for service of his sentence under § 3585. Moreover, federal sentences begin by operation of law as defined

3

by statutes passed by Congress, not when a judgment states they begin. Neither a state nor a federal judge have authority to dictate when a federal sentence begins.

Johnson may request the BOP to designate RMSI as the place for service of his federal sentence. Under 18 U.S.C. § 3621, the BOP has the discretion to designate any available penal or correctional facility whether maintained by the federal government or otherwise as the place for service of the federal sentence. Barden v. Keohane, 921 F.2d 476, 478 (3d Cir. 1990).

Furthermore, Johnson must exhaust his administrative remedies through the BOP before he may file a civil action petitioning the district court to review any administrative decision denying credit for presentence detention. A prisoner who wishes to appeal a decision by the BOP must seek administrative review of the computation or denial of credits, C.F.R. §§ 542.10-542.16 (1997), and, when he has exhausted all administrative remedies, he may then seek judicial relief pursuant to 28 U.S.§ 2241. See Wilson, 503 U.S. at 335; McClain v. Bureau of Prisons, 9 F.3d 503, 505 (6th Cir. 1993); United States v. Dowling, 962 F.2d 390, 393 (5th Cir. 1992).[2]

Thus, exhaustion of administrative remedies within the BOP is a jurisdictional prerequisite to seeking the district court's review of the BOP's sentence credit calculation. Johnson does not allege that he has pursued his administrative remedies with the BOP as required. Therefore, the Court has no jurisdiction over his request.

Johnson's motion is DENIED without prejudice to his right to submit a petition pursuant to 28 U.S.C. § 2241 once he has exhausted his administrative remedies.[3]

---

[2] Habeas corpus is the remedy for a federal prisoner who is raising issues that challenge the execution of his sentence. United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991); Wright v. United States Bd. of Parole, 557 F.2d 74, 78 (6th Cir. 1977).

[3] Defendant states that he "would like to withdraw [his] plea or for [his] plea agreement to be enforced." Such request is not properly filed in this closed federal criminal case. Johnson may only challenge the validity of his state guilty plea in a petition pursuant to 28 U.S.C. § 2254. This Court declines to construe this motion as a § 2254 petition. A habeas petitioner must first exhaust available state remedies before requesting relief under § 2254. See 28

As no reasonable jurist could disagree that this Court is without jurisdiction to modify defendant's sentence, it is CERTIFIED, pursuant to Fed. R. App. 24(a) that any appeal in this matter by defendant would not be taken in good faith.

IT IS SO ORDERED this 26th day of October, 2005.

JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

U.S.C. § 2254(b)(1); Granberry v. Greer, 481 U.S. 129, 133-34 (1987); Rose v. Lundy, 455 U.S. 509, 519 (1982); Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. There is no indication the plaintiff has exhausted his state remedies on this issue.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 112 in case 1:01-CR-10023 was distributed by fax, mail, or direct printing on October 28, 2005 to the parties listed.

---

Richard Leigh Grinalds
U.S. ATTORNEY'S OFFICE
109 S. Highland Ave.
Ste. 300
Jackson, TN 38301

Johnathan O. Johnson
R.M.S.I.
350846
7475 Cockrill Bend Blvd.
Nashville, TN 37209--104

Honorable James Todd
US DISTRICT COURT